IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE LYLE CAMICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARRY R. HOLLADAY, ESQ., et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-1110-EFM-GEB |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointed Counsel (**ECF No. 29**). For the reasons outlined below, Plaintiff's motion is **DENIED**.

## I. Background

On May 15, 2017, Plaintiff filed this case, acting pro se and seeking to proceed without prepayment of the filing fee. He claims defendant Evelyn Wattley, and her company, KiaTraxx L.L.C., unlawfully acquired his confidential and proprietary trade secret information. He further contends this misappropriation of his intellectual property caused him severe economic and other damages. He seeks not only monetary damages but injunctive relief to protect his proprietary interests. Plaintiff further claims defendant Harry R. Holladay, attorney to defendant Wattley during the timeframe at issue, wrongfully advised her to take the actions which harmed Plaintiff. (*see* Complaint, ECF No. 1, and Supplement, ECF No. 7).

On July 11, 2017, the Court granted his motion to proceed *in forma pauperis* (Order, ECF NO. 8), and pursuant to 28 U.S.C. § 1915(d), the clerk's office undertook the task of serving Defendants with the summons and Complaint, utilizing the address information provided by Plaintiff.[1] On July 25, 2017, returns of service were filed for all three defendants (*see* ECF Nos. 9-12).

KiaTraxx and Ms. Wattley responded to Plaintiff's Complaint by filing a joint motion to dismiss (Motion, ECF No. 14). However, defendant Holladay is involved in a dispute with Plaintiff over the sufficiency of service on him, and the issue of whether a clerk's entry of default (ECF No. 23) entered against Holladay should be set aside (*see* Motions, ECF Nos. 25, 26 and related briefing). Those issues are currently pending before U.S. District Judge Eric F. Melgren.

## II. Plaintiff's Motion for Appointment of Counsel (ECF Nos. 29)

Plaintiff now asks the Court to appoint him counsel for the purpose of assisting him in defending Holladay's claim regarding insufficient service (Motion, ECF No. 29). He acknowledges he is not entitled to counsel as a matter of right, but contends that the appointment of counsel to assist him regarding solely the issue of Holladay's alleged insufficient service and disputed default would further the interests of justice. Although the motion is unopposed by Defendants, the Court reviews the motion on its merits.

---

[1] It is a pro se Plaintiff's responsibility to provide accurate service information to the clerk's office for service on Defendants. Although the clerk's office, through the U.S. Marshals Service, will undertake physical service of process, Plaintiff is responsible for naming the persons and providing the addresses for such service.

## A. Legal Standard

As Plaintiff acknowledges in his Motion, although a criminal defendant has a constitutional right to representation by an attorney, there is no similar constitutional right to counsel in a civil action such as this one.[2] Some statutes, however, provide the court with discretion to appoint counsel for a civil litigant. For example, both the Americans with Disabilities Act, 42 U.S.C. § 12117(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), provide discretionary authority for appointing counsel "in such circumstances as the court may deem just."[3] If a plaintiff sues under a statute which provides no authority for appointment of counsel, general authority for requesting counsel under 28 U.S.C. § 1915(e)(1) may govern.[4]

Under 28 U.S.C. § 1915(e)(1), in its discretion, the "court may request an attorney to represent any person unable to afford counsel."[5] When evaluating whether to appoint counsel, the court considers multiple factors, including (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[6] The court also

---

[2] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).
[3] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012) (discussing appointment of counsel under the ADA); *Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) (discussing appointment of counsel under Title VII, and noting "Title VII grants litigants a statutory right to request appointed counsel at court expense").
[4] *Rand*, 2012 WL 1154509, at *2.
[5] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district "court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis*" under 28 U.S.C. § 1915(e)(1)).
[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). *See also Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992) (applying similar factors in the context of a request for counsel in an employment discrimination case under 42 U.S.C. 2000(e)–5 and 28 U.S.C. § 1915).

considers the movant's diligence in attempting to secure counsel.[7] Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located.[8] The court has an obligation not to make indiscriminate appointments on every occasion that a plaintiff seeks court-ordered counsel,[9] particularly in light of the expanding federal court dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[10]

B.   Discussion

The Court is satisfied that Plaintiff is unable to afford counsel, as evidenced in his financial affidavits (ECF Nos. 2, 7) and the earlier Order permitting him to proceed *in forma pauperis* (Order, ECF No. 8). Therefore, the Court possesses the authority under 28 U.S.C. § 1915(e)(1) to request an attorney to assist him, after evaluating the factors outlined above.

After careful consideration, however, the Court declines to appoint counsel for the following reasons. First, Plaintiff failed to demonstrate diligence in seeking counsel on his own, as required by both the Tenth Circuit and this Court. "Although not required to 'exhaust the legal directory,' a plaintiff must demonstrate that he or she has made a 'reasonably diligent effort under the circumstances to obtain counsel.'"[11] In the District of Kansas, a party is typically required to first contact at least five attorneys to determine

---

[7] *Adkins v. Kansas Comm'n on Judicial Qualifications*, No. 11-4109-SAC-KGS, 2011 WL 13133967, at *1 (D. Kan. Sept. 22, 2011) (citing *Castner*, 979 F.2d at 1420).
[8] *Castner*, 979 F.2d at 1421.
[9] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).
[10] *See Sause v. Louisburg Police Dept*., No. 15-9633-JAR-TJJ, ECF No. 16 (D. Kan. Jan. 6, 2016).
[11] *Castner*, 979 F.2d at 1422 (quoting *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977) and *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1319 (9th Cir. 1981)).

whether they would represent him, before filing a motion seeking appointed counsel.[12] Plaintiff's motion lacks any indication that he sought out any potential attorneys for this case (ECF No. 29).

Second, the Court is unable to fully evaluate the merits of Plaintiff's claims at this early stage of the case, and his claims do not appear complex. More importantly, Plaintiff has demonstrated no reason why he is unable to adequately present the case on his own. His written pleadings and motions appear well-formulated and coherent, and he has met each deadline required of him, including briefing and responding to the pending dispositive motions. He appeared in a telephone conference with the undersigned U.S. Magistrate Judge (*see* Order, ECF No. 31) and articulately and appropriately engaged with both this Court and opposing counsel. Despite the current issues surrounding the service of defendant Holladay, he seems to have a functional grasp of Court procedures. Although he professes some understandable confusion, as a pro se litigant, regarding the service issues surrounding defendant Holladay, he is expected to be familiar with the federal and local rules despite his pro se status.[13] This District's pro se resources, and specifically the manual entitled "Filing Your Lawsuit in Federal Court: A Pro Se Guide," available at http://www.ksd.uscourts.gov/self-representation/, provide very clear instructions regarding service of process and the applicable state and federal rules. Plaintiff is encouraged to

---

[12] *Adkins*, 2011 WL 13133967, at *1 (citing *Sommerville v. Republic Cnty. Hosp.*, No. 10-4119-KHV-DJW, 2010 WL 5172995, at *1 (D. Kan. Dec. 14, 2010)).
[13] *Keeler v. Aramark*, 418 F. App'x 787, 791 (10th Cir. 2011) (noting, "even pro se litigants are expected to 'follow the same rules of procedure that govern other litigants.'") (quoting *Kay v. Bemis,* 500 F.3d 1214, 1218 (10th Cir. 2007) (other internal quotation omitted)).

consult this resource, as well as the other numerous resources available to pro se litigants, on the District's website.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[14] as the case progresses. Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[15] Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of the claims and Plaintiff's continuing ability to present his case.[16] Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to the filing of a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 29**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of September 2017.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[14] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).

[15] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (internal citations omitted)).

[16] *Jones*, 2014 WL 6632929, at *3 (citing *Ficken,* 146 F.3d at 981).